## Case No. 1,135.

### BAYERQUE v. HALEY et al.

[1 McAll. 97.][1]

Circuit Court, D. California. July Term, 1856.

FEDERAL COURTS—JURISDICTION—CITIZENSHIP— HUSBAND AND WIFE.

1. An averment of citizenship equivalent in import to a direct allegation, is sufficient to give jurisdiction.

2. The doctrine at common law that the deed of a feme covert is void, does not apply to this case. The proceeding is for foreclosure of a mortgage. Until foreclosure it is a chose in action. Endorsement of note and assignment of mortgage by the husband alone would have been sufficient.

3. The act of the legislature of this state [California] of 17th April, 1850, [page 254, c. 103,] as to "husband and wife," has no application to this case, the parties having been married out of this state, and never having been within her limits.

4. Bills of exchange and promissory notes constitute an exception to the rule that choses in action of the wife, other than chattels real, are assignable only in equity.

In equity. In this case a bill was exhibited for the foreclosure of a mortgage, to which a demurrer was filed. The grounds assigned are given in the opinion of the court.

Parsons & Ganahl, for complainant.

J. B. Haggin, for defendants.

McALLISTER, Circuit Judge. The first ground taken in support of the demurrer is, that the averment of the citizenship of Samuel Moss, Jr., is not sufficiently made to give jurisdiction to the court. It is in these words: "That the said Samuel Moss, Jr., during his lifetime was a citizen of the United States and of the state of Pennsylvania." Although this averment might have been made with more precision, it still must be deemed sufficient. If during his life he was a citizen of Pennsylvania, the idea that he was a citizen of this state at the time of the commencement of this suit is excluded. The averment is equivalent in import to an averment of citizenship in Pennsylvania in more direct terms. In the case of Gassies v. Ballon, 6 Pet. [31 U. S.] 761, the defendant was represented as "now residing in the parish of West Baton Rouge, where he caused himself to be naturalized an American citizen." On the ground that such description was of equivalent import to a more direct and precise averment, the description was held sufficient. At all events this case cannot be permitted to go off on that ground, for if decided against the plaintiff he would be permitted to amend instanter.

The second ground of demurrer is the principal point. It is, "that it appears by the bill that the complainant derives title to the note and mortgage set forth, by virtue of a certain instrument of assignment executed by one Zoe Mouroult and her husband, one

---

[1] [Reported by Cutler McAllister, Esq.]

P. L. Lefevre, by one Lucien Hermann, their attorney in fact duly constituted, when in law the said Zoe Mouroult, being a married woman, has no power to constitute an attorney, either with or without her husband, for that purpose, and that no title or right can be derived through such an assignment, and therefore complainant is not entitled to the relief prayed for."

The transaction to which the assignment refers claims attention. To secure the payment of certain moneys advanced by Zoe Mouroult, the wife of Pierre J. Lefevre, the defendants Haley and Thompson, in consideration of the sums of money received by them, on the 14th day of January, 1854, made and delivered their joint and several promissory note for the sum of $12,000, payable to the order of the said Zoe, the wife of the said Pierre L. Lefevre, in the sums and at the times mentioned in said note. To secure payment of the same, defendants at the same time executed and delivered a deed of mortgage to the said Zoe, her heirs and assigns. Subsequently, the said mortgagee and her husband, the said Pierre L. Lefevre, by their attorney, the said Lucien Hermann, for value received, assigned, sold, and transferred the said note and mortgage-deed to one Samuel Moss, Jr., from whom the plaintiff directly claims. Now, it is urged that no interest passed to Moss, because Zoe Mouroult, being feme covert, could not make a valid power of attorney to Hermann. To sustain this proposition, reliance is placed upon the act of the legislature of this state, passed April 17, 1850, entitled "An act defining the rights of husband and wife." In relation to this statute, the supreme court of this state have said, "We have repeatedly held that our statute does not change the relation of husband and wife, except in the particular cases expressly provided for by the statute." Rowe v. Kohle, 4 Cal. 285. Various provisions are made by the act of the legislature as to what shall constitute the separate property of the married woman, and what steps shall be taken to protect it. But for the purposes of this case it is only necessary to refer to the fifteenth section of the act. It extends the provisions of the law to persons who were married out of this state, and who had never resided within it. Upon the principle that "expressio unius est exclusio alterius," it is evident that the clear intent of the act was to exclude from its operations persons who were married without the limits of the state and never lived within them. It was eminently proper to exclude those who were married without, and never came within, the jurisdiction of the state. The facts of this case show, that Zoe Mouroult was not wedded to her husband in this state, that neither of them resided in this state at the time of the execution of said note and mortgage deed, nor has either of them at any time resided therein, but both of them have always been aliens, and

citizens of the empire of France. This case cannot, therefore, be brought within the operation of the act of the legislature on which reliance has been placed by the counsel for the demurrer. The court has been also referred to the 2d, 19th, 21st, 22d and 23d sections of the act of the legislature of April 16, 1850, entitled "An act concerning conveyances." The second section prescribes the mode by which husband and wife by their joint deed may convey the real estate of the wife; and the remaining sections cited all refer to the mode of such conveyance. Whether all these sections have not been repealed, it is unnecessary now to decide. It is sufficient to say, that all the sections of the law which relate to married women are confined to real estate exclusively. But it has been urged for this demurrer that, independently of all statutory enactments, at common law a married woman could make no deed, and her act was deemed a nullity. It is true that a married woman could by that law make no conveyance of real estate except by fine, or common recovery, or some equivalent act of record. The proceeding by fine or common recovery never prevailed in this country. A common law grew up, which became a rule of property, by which a joint conveyance by husband and wife was held to pass the property conveyed. Then came statutory enactments in different states, providing for the security of married women by requiring from them examinations and acknowledgments separate and apart, when they joined in conveyance with their husbands. Such is the law in the different states. But in the view the court takes of this case, the doctrine that at common law the deed of a feme covert is void, does not touch it. The bill is filed to foreclose a mortgage to recover the payment of the note. Until foreclosed, the mortgage, as well as the note, is a mere chose in action; and the endorsement of the note and assignment of the mortgage by the husband alone, and his delivery, would be sufficient to transfer the interest, without the signature of the wife. A debt was due to the wife, a chose in action, —"debitum in praesenti, solvendum in futuro." A bona-fide assignment for valuable consideration of this debt by the husband, divests in a court of equity the interest of the wife. In the case of Cassell v. Carroll, 11 Wheat. [24 U. S.] 134, an agreement was entered into by certain parties; and among them was John Browning, the husband of Louisa Browning, and the committee of Louisa Browning, wife of John Browning, she being at the time a lunatic. By the agreement, certain quit-rents belonging to the wife were to be surrendered. It was contended that John Browning, the husband, as such, could not convey the title to these rents belonging to his wife, so as to bar her, in case of survivorship, from the right of recovery; and, she being a lunatic, no act done by her committee could affect her. In

relation to these rents, the court say, "They were not future, contingent, or reversionary interests vested in her. How far, in respect to such interests, the husband or the committee of a lunatic is by law authorized, by a conveyance or assignment, to dispose of her rights, is a question which we are not called upon to decide, and upon which we give no opinion. The case here is of choses in action actually due to the wife. * * * It does not appear to us that it has ever yet been decided, that a bona-fide assignment for a valuable consideration, made by a husband to a third person, of a debt actually and presently due to his wife, does not divest, in equity, the title of the wife."

By the terms of the mortgage-deed in this case, it is provided that the whole amount of principal shall be deemed due, in case failure be made in the payment of any part of the interest as it shall grow due. The absolute sale, bona fide, of such a chose in action by the husband, amounts to a reduction of it into his possession. He has a qualified interest in the choses in action of his wife, as well as in her real chattels; but if he do not reduce them into possession during life, they survive to her. The difference between the two is, the chattels real are assignable at law; the choses in action, with the exception of bills of exchange and promissory notes, are assignable for valuable consideration, and the transfer will be sustained in equity. Clancy, Mar. Wom. 109, 110. The husband may bar the right of survivorship in the choses in action by a release. Thus he may release any wrong done or promise made to her alone, or to her and himself during marriage. He may discharge his wife's bond; as, also, not only the debt actually due, but even that which is not payable till a future day. So he may release any right or duty that may possibly accrue during marriage. Again, if the husband reduce his wife's choses in action into possession, her right is barred. And there are various acts of his falling short of a reduction into possession, which are deemed equivalent to it; as, if a husband alone, or with his wife, authorized a third person to receive her chose in action, who accordingly receives, the right of the wife is barred although the avails never reach the husband. Id. 111, 112. And where, on a bond executed to the wife, the husband gave a letter of attorney to another to receive, and who did receive it, the wife died, and then the husband deceased,—Held, the action was properly brought by the executor of the husband. Id. In the case of Bates v. Danby. 2 Atk. 207, where the husband was entitled, in right of his wife, to two mortgages, borrowed a sum of money from A, and agreed in writing that he had left them with plaintiff, and that he would assign them to him forthwith, the husband died before making the assignment. On a bill to foreclose the mortgages, it was insisted on the part of the wife that they were

choses in action, and that not having been assigned by her husband, they survived to her. Lord Hardwicke held that the husband, being entitled to the trust of these mortgages, had the power to assign them for his own use, and that leaving them with the plaintiff, and promising that he would procure them to be assigned, amounted to a disposal of them for so much as to satisfy plaintiff's demand, but no more; for although he might have disposed of the whole in the manner he did, his intention was only to secure the plaintiff's debt, which being done, they belong to the widow as her choses in action. Clancy, Mar. Wom. 121. The correct rule deducible from the authorities is, that where the assignment by the husband is voluntary, without consideration, it will not bind her right should she survive him; but where the transfer is for a valuable consideration, the purchaser takes the interest assigned discharged from the wife's right of survivorship.

Again, we have seen that bills of exchange and promissory notes constitute an exception to the rule, that choses in action of the wife, other than chattels real, are assignable only in equity. Now, in this case, the note having been made payable to a married woman, the endorsement by the husband would effect a legal transfer, inasmuch as the note became his property. Shuttlesworth v. Noyes, 8 Mass. 229. As the joining of the wife was not indispensable to transfer the interest, it is useless to discuss the right of a married woman to execute a deed or other instrument under seal.

The demurrer must be overruled.